IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

UNITED STATES OF AMERICA

v.                                          CASE NO. 3:11-cv-00579
                                            (CRIMINAL NO. 3:08-cr-00198)

KATHRYN ANN HEMETEK

RESPONSE OF THE UNITED STATES OF AMERICA
TO PETITIONER'S MOTION FOR BOND

Comes now the United States of America by Assistant United States Attorney, Joshua C. Hanks, and hereby responds to petitioner's Motion for Bond in the above-styled case(s).  For the following reasons, the United States submits that petitioner is not eligible for bond, and her motion should be denied.

BACKGROUND

On January 14, 2009, following a two-day trial, a petit jury sitting in Huntington, West Virginia, found petitioner guilty of cultivating 100 or more marijuana plants in violation of 21 U.S.C. § 841(a)(1).  On May 11, 2009, the district court imposed the mandatory minimum sentence of 60 months imprisonment to be followed by four years of supervised release.  Final judgment was entered on May 12, 2009.  Petitioner was taken into custody to begin serving her sentence in June 2009.

On May 13, 2009, petitioner filed a notice of appeal.  She appealed certain evidentiary rulings by the district court, the

sufficiency of the evidence presented at trial, and alleged ineffective assistance of counsel.  She did not raise any issues pertaining to her sentence.  The Fourth Circuit Court of Appeals affirmed petitioner's conviction and sentence in an unpublished opinion filed on August 26, 2010.  The final mandate was entered on September 17, 2010.

## DISCUSSION

### 1.   Petitioner in 2255 Action is Not Eligible for Bond

Release or detention of a defendant whose case is pending appeal is governed by 18 U.S.C. § 3143(b).  There is no similar statute pertaining to release or detention of a petitioner in a civil action filed under 28 U.S.C. § 2255.  Because petitioner's conviction and sentence have been affirmed by the court of appeals, the United States submits that she is simply not eligible for release unless and until she prevails on the underlying cause of action.

### 2.   Presumption of Detention Under § 3143(b)(2)

Assuming 18 U.S.C. § 3143(b) is applicable in petitioner's case, the United States submits that she must overcome the statute's presumption that she be detained.  Section 3143(b)(2) requires detention of a person who has been convicted of an offense under the Controlled Substances Act carrying a maximum penalty of 10 years or more.  Petitioner falls within this requirement

inasmuch as the penalty for her offense of conviction is at least 5 and not more than 40 years imprisonment.

### 3.    Petitioner Fails to Rebut Presumption

The presumption of detention can be overcome under certain extraordinary circumstances set forth in § 3143(b)(1).  First, the Court must find that the person is "not likely to flee or pose a danger to the safety of any other person or the community."[1] Second, the Court must find by clear and convincing evidence that the appeal

> (i) raises a substantial question of law or fact likely to result in reversal, (ii) an order for new trial, (iii) a sentence that does not include a term of imprisonment, (iv) or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

Petitioner was convicted at trial by proof beyond a reasonable doubt as found by a jury.  In affirming both her conviction and sentence, the court of appeals unequivocally affirmed the district court's evidentiary rulings and noted that her conviction at trial was "supported by substantial evidence."  Thus, unless petitioner prevails in her claim of ineffective assistance of counsel, there is no other question of law or fact arising from this record that would give this Court grounds upon which to find it likely that the claim will achieve any of the results set forth in § 3143(b)(1)(B).

---

[1]The United States does not assert that petitioner poses a risk of flight or danger to another person or the community.

In this case petitioner argues that she is entitled to relief under 28 U.S.C. § 2255 due to a claim of ineffective assistance of counsel.  In so doing she raises two categories of complaint. One category involves her attorney's trial strategy with regard to presentment and cross-examination of witnesses.  The other category involves a claim that she was not advised of a plea offer that may have made her eligible for a sentence below the statutory minimum.

### A.    Trial Strategy

The United States submits that with regard to her attorney's trial strategy, petitioner cannot satisfy the two-prong test for professional competence of an attorney established by Strickland v. Washington, 466 U.S. 668 (1984).  Specifically she fails to establish that her "attorney's performance fell below an objective standard of reasonableness, and that [she] suffered prejudice as a result." United States v. Mikalajunas, 186 F.3d 490, 493 (4th Cir. 1999), citing Murray v. Carrier, 477 U.S. 478, 488 (1986); and Strickland, 466 U.S. at 687.

The United States Supreme Court of Appeals has made it clear that there is a strong presumption that an attorney's conduct was within an objective standard of reasonableness.  Id. at 689. Decisions regarding the calling of witnesses clearly fall within the reasonable discretion of a competent attorney. See e.g. United States v. Terry, 366 F.3d 312, 316-18 (4th Cir.), cert. denied, 543 U.S. 983 (2004) (finding counsel's decision to not call witnesses

4

was not below the "wide range of professionally competent performance").

Even if her attorney's strategy regarding witnesses fell below the objective standard of reasonableness, petitioner nonetheless fails to show she was prejudiced by this failure. In affirming petitioner's conviction and sentence, the appeals court found that there was "substantial evidence" supporting her conviction. For example, in reviewing the most significant evidence, the appeals court observed that police had located and seized 219 carefully cultivated marijuana plants from or immediately adjacent to her property in plots that were accessed by "well-worn" paths. It further noted that the email recovered from her personal account demonstrated her intent.

None of this "substantial evidence" would have been undermined by the kind of cross-examination or presentment of witnesses petitioner argues her attorney should have attempted. She consequently fails to establish prejudice by her attorney's trial strategy and is unlikely to prevail in her claim of ineffective assistance of counsel based upon his trial strategy.

### B.   Eligibility for the "Safety-Valve"

The United States submits that petitioner also fails to satisfy the Strickland test with regard to her claim that her attorney did not advise her of her plea options and potential eligibility for the "safety valve" provisions of USSG

§2D1.1(b)(16).  The United States is not privy to the content of discussions petitioner had with her attorney.  However, according to the United States Attorney's Office file, there was only one proposed plea offer submitted to petitioner for consideration. That offer would have required petitioner to plead guilty to the single count alleged in the indictment, and that count carried a penalty of 5 to 40 years imprisonment.  The United States is unaware of an "information plea offer that would make her eligible to receive the guideline sentence."

Moreover, what is clear from the record is that she has consistently maintained her innocence in the face of the "substantial evidence" of guilt.  Even following her conviction, petitioner failed to accept responsibility for her actions.  This fact was noted by the district court at sentencing as well as by the probation officer who prepared the presentence investigation report.

In order to have been eligible for a sentence below the statutory minimum, petitioner would have had to satisfy the requirements of USSG §2D1.1(b)(16) and USSG §5C1.2 as codified in 18 U.S.C. § 3553(f).[2]  By failing to "truthfully provid[e] to the

---

[2]In order to qualify for a sentence below the statutory minimum, 18 U.S.C. § 3553(f) states that the sentencing court must find that

      (1)  the defendant does not have more than one
           criminal history point...;
      (2)  the defendant did not use violence or credible

Government all information and evidence [petitioner] has concerning the offense . . ." pursuant to 18 U.S.C. § 3553(f) and USSG §5C1.2(a)(5) she was not eligible for a sentence below the mandatory minimum.

In order to meet the fifth requirement of § 3553(f), a person can provide the necessary information at any time "no later than the time of sentencing." Continued denial of knowledge or culpability - even following conviction – is inconsistent with the disclosure requirement. United States v. Withers, 100 F.3d 1142, 1146-47 (4th Cir. 1996).

Because petitioner continues to deny her knowledge and culpability, it is she – not her attorney – who bears the responsibility for her "safety-valve" ineligibility. Consequently, petitioner is unlikely to prevail in her claim of ineffective

---

threats of violence or possess a firearm or dangerous weapon...;

(3) the offense did not result in death or serious bodily injury to any person;

(4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense...; and

(5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct, or of a common scheme or plan . . . .

The United States does not dispute petitioner's having met the first four requirements.

assistance of counsel based upon her failure to be eligible for a sentence below the statutory minimum.

<u>**CONCLUSION**</u>

For the above stated reasons, the United States submits that a petitioner in a 2255 claim is not eligible for bond under 18 U.S.C. § 3143(b).  Assuming that § 3143(b) does govern 2255 proceedings as it does direct appeals, petitioner nevertheless has not raised a substantial question of law likely to result in any of the outcomes set forth in § 3143(b)(1)(B).  Therefore, the presumption of detention proscribed by 18 U.S.C. § 3143(b)(2) is applicable, and petitioner's motion for bond should be denied.

Respectfully submitted,

R. BOOTH GOODWIN II
United States Attorney



s/Joshua C. Hanks
JOSHUA C. HANKS
Assistant United States Attorney
WV State Bar No. 8550
845 Fifth Avenue
Room 209
Huntington, WV 25701
Telephone:  304-529-5799
Fax:  304-529-5545
Email:  josh.hanks@usdoj.gov

CERTIFICATE OF SERVICE

It is hereby certified that the foregoing "RESPONSE OF THE UNITED STATES OF AMERICA TO PETITIONER'S MOTION FOR BOND" has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing this the 7th day of October, 2011, to:

> Jacqueline A. Hallinan, Esquire
> HALLINAN LAW OFFICES, PLLC
> 100 Capitol Street
> Suite 804
> Charleston, WV  25301
> jhallinan@hallinanlaw.com

> s/Joshua C. Hanks
> JOSHUA C. HANKS
> Assistant United States Attorney
> WV State Bar No. 8550
> 845 Fifth Avenue
> Room 209
> Huntington, WV 25701
> Telephone:  304-529-5799
> Fax:  304-529-5545
> Email:  josh.hanks@usdoj.gov