# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# HUNTINGTON DIVISION

**KATHRYN HEMETEK,**

    **Movant,**

v.                          **Case No.: 03:11-cr-00579**
                               **(Criminal Case No. 3:08-00198-01)**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## ORDER GRANTING MOTION TO SEAL

Pending before the Court is the United States' Motion to Seal "Petitioner's First Evidentiary Disclosure." (Docket No. 85). Respondent argues that the documents filed by Movant in her evidentiary disclosure, (Docket No. 84), contain highly sensitive and/or confidential information, the disclosure of which would not serve any public interest but, to the contrary, might prove harmful to individuals not directly involved in this action. Moreover, Respondent contends that selective redaction of the documents would be unduly burdensome in light of the nature of the information submitted. The Court is advised that Movant has no objection to the Motion to Seal.

Having reviewed the evidentiary disclosure, the Court agrees that it contains sensitive and confidential information and statements that have limited interest to the public and satisfy no apparent purpose other than to support Movant's Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255. Accordingly, the Court **GRANTS**

Respondent's Motion to Seal "Petitioner's First Evidentiary Disclosure" and instructs the Clerk to immediately place the aforementioned documents under seal.

The undersigned is cognizant of the well-established Fourth Circuit precedent recognizing a presumption in favor of public access to judicial records. *Ashcraft v. Conoco, Inc.,* 218 F.3d 288 (4th Cir. 2000). As stated in *Ashcraft,* before granting a Motion to Seal, the Court must follow a three step process: (1) provide public notice of the request to seal; (2) consider less drastic alternatives to sealing the document; and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting alternatives. *Id.* at 302. In this case, Respondent filed a Motion to Seal, which is part of the Court's docket and is identified as having been filed under seal. The Court deems this sufficient notice to interested members of the public. Moreover, the Court has considered less drastic alternatives to sealing the documents, but in view of the numerous references that are considered confidential or sensitive, no such alternatives are feasible. The Court finds that because the documents contain highly personal and/or sensitive information about individuals who are not parties to this litigation and have not voluntarily released their information or placed it at issue in this case, disclosure would unfairly invade the right of privacy belonging to those individuals and may conceivably subject them to personal or professional harm. The Court finds that, in such case, the rights of these persons far outweigh the public's right of access to judicial documents. Accordingly, the Court finds that sealing the documents does not unduly or significantly prejudice the public's right to access them.

The Clerk is instructed to provide a copy of this Order to all counsel of record.

**ENTERED**: December 20, 2011.

Cheryl A. Eifert
United States Magistrate Judge