IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**KATHRYN ANN HEMETEK,**

    **Movant,**

v.                                      **Civil Action No. 3:11-cv-00579**
                                            **(Criminal No. 3:08-cr-00198)**

**UNITED STATES OF AMERICA,**

    **Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

Pending before the Court are Movant's Motion for Bond (ECF No. 72) and Renewed Motion for Bond (ECF No. 87). This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and the pending motions have been referred to the undersigned United States Magistrate Judge for submission of proposed findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned respectfully recommends that Movant's Motions for Bond be **DENIED**.

Movant seeks immediate release from custody pending final resolution of her Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255. Movant recognizes that bond is granted sparingly in this type of action, but contends that she will likely prevail on her motion and has already served over half of her sentence. Movant further asserts that she is suffering from a serious untreated medical condition; that being, a non-healing fracture of her foot that

occurred when she fell from her bunk while in custody. Movant avers that she has a close and supportive family in West Virginia with strong ties to this District and is neither a risk of flight nor a danger to the community. Respondent objects to Movant's request for release and bond, arguing that Movant's conviction and sentence have been affirmed by the Fourth Circuit Court of Appeals; therefore, she is not entitled to release until she prevails on her § 2255 motion. Respondent emphasizes that 18 U.S.C. § 3143(b), the statute which most closely relates to Movant's situation, requires incarceration in the case of a drug conviction. Under this provision, the exceptions to incarceration are few and are difficult to meet.

The Bail Reform Act of 1984, of which 18 U.S.C. § 1343(b)(1) is a part, does not apply to § 2255 habeas proceedings. *Fonseca v. United States*, 129 F.Supp.2d 1096, 1098 (E.D.Mich. 2001) (citing *United States v. Mett*, 41 F.3d 1281, 1282 (9th Cir. 1994); *United States v. Kelly*, 790 F.2d 130, 139 (D.C. Cir. 1986); *Cherek v. United States*, 767 F.2d 335, 337 (7th Cir. 1985); *United States v. Dansker*, 561 F.2d 485 (3rd Cir. 1977). "Rather, as the language of § 1343(b) makes clear, the statute applies only to direct appeals, not to collateral attacks." *United States v. Smith*, 2007 WL 3353518 *1 (N.D.Ohio November 7, 2007).

Although § 1343(b) is inapplicable to collateral attacks, federal courts considering §2254 or § 2255 motions possess the inherent power to release a habeas petitioner on bond pending a disposition of his habeas claims. *See United States v. Eliely,* 276 Fed. Appx. 270, 270–71 (4th Cir. 2008) (*per curiam*) (unpublished), *citing Lee v. Jabe,* 989 F.2d 869, 871 (6th Cir. 1993); *Calley v. Callaway,* 496 F.2d 701, 702 (5th Cir. 1974); *see also Mapp v. Reno,* 241 F.3d 221, 226 (2d Cir. 2001); *Landano v. Rafferty*, 970 F.2d 1230, 1239 (3rd Cir. 1992); *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990); *Martin v.*

*Solem*, 801 F.2d 324, 329 (8th Cir. 1986); *Cherek v. United States*, 767 F.2d 335, 337 (7th Cir. 1985); *Pfaff v. Wells*, 648 F.2d 689, 693 (10th Cir. 1981); *Calley v. Callaway*, 496 F.2d 701, 702 (5th Cir. 1974); *Woodcock v. Donnelly*, 470 F.2d 93, 94 (1st Cir. 1972); *Baker v. Sard*, 420 F.2d 1342, 1343-44 (D.C. Cir. 1969). However, such release is proper only where the petitioner has met a more stringent standard than that required under § 1343(b). *Dotson*, 900 F.2d at 79. In order to obtain release on bail pending consideration of a postconviction motion under 28 U.S.C. § 2255, a prisoner must show a substantial constitutional claim on "which he has a high probability of success, *and* exceptional circumstances making a grant of bail necessary for the habeas remedy to be effective." *Eliely,* 276 Fed. Appx. at 270 (emphasis added); *see also United States v. Hollingsworth,* 900 F.2d 256 (Table), 1990 WL 36663, at *1 (4th Cir. 1990) ("A person seeking interim release during pursuit of § 2255 remedies, however, faces a formidable barrier created by the fact of the conviction and the government's interest in executing its judgment. [I]n the absence of exceptional circumstances ... the court will not grant bail prior to the ultimate final decision unless [the applicant] presents not merely a clear case on the law, ... but a clear, and readily evident, case on the facts.") (quotations and citation omitted); *Dotson*, 900 F.2d at 79 ("In order to receive bail pending a decision on the merits [of a habeas petition], prisoners must be able to show not only a substantial claim of law based on the facts surrounding the petition but also the existence of 'some circumstances making the motion for bail exceptional and deserving of special treatment in the interests of justice.' "), *quoting Aronson v. May*, 85 S.Ct. 3, 5 (1964).

    The power to grant a prisoner release pending a determination on the merits of a § 2255 motion is seldom exercised because a defendant whose judgment has been

affirmed on appeal is unlikely to have been convicted unjustly. *Cherek v. United States*, 767 F.2d 335, 337 (7th Cir. 1985). A habeas corpus petitioner requesting postconviction relief has already been convicted and thus is no longer presumed innocent and no longer enjoys a constitutional right to freedom, however conditional. *Aronson,* 85 S.Ct. at 5. "The interest in the finality of criminal proceedings is poorly served by deferring execution of sentence until long after the defendant has been convicted." *Cherek*, 767 F.2d at 337. Moreover, there is no presumption of innocence where a convicted defendant is seeking collateral relief and the threat of reincarceration might provide a strong inducement for flight. *Ostrer v. United States*, 584 F.2d 594, 596 (2nd Cir. 1978). Thus, bail sought by federal prisoners in collateral proceedings is granted in only "unusual cases, or when extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective." *Ostrer*, 584 F.2d at 596 n.1*.*

In *Calley v. Callaway,* the Fifth Circuit described extraordinary circumstances as "serious deterioration of the petitioner's health while incarcerated, ... short sentences for relatively minor crimes so near completion that extraordinary action is essential to make collateral review truly effective[,] ... and extraordinary delay in processing a habeas petition." 496 F.2d 701, 702 n.1 (5th Cir. 1974), *citing Noyd v. Bond,* 395 U.S. 683, 89 S.Ct. 1876, 23 L.Ed.2d 631 (1965) (all but two days of one-year sentence served); *Levy v. Parker,* 396 U.S. 1204, 90 S.Ct. 1, 24 L.Ed.2d 25, *affirmed by full Court*, 90 S.Ct. 47 (1969) (all but twelve days of three-year sentence served); *Boyer v. City of Orlando,* 402 F.2d 966 (5th Cir. 1968) (one hundred twenty-day sentence). In *United States v. Palermo*, the Tenth Circuit Court of Appeals considered a *pro se* prisoner's appeal of a district court's denial of bond pending the outcome of a § 2255

motion. 191 F. App'x 812 (10th Cir. 2006). The prisoner asserted that he was suffering from various health problems, had endured significant delay in the district court's processing of his § 2255 motion, and was on the verge of being transferred from prison to a halfway house. *Palermo*, 191 F. App'x at 813. The Court concluded that "none of these assertions constitute exceptional circumstances." *Id.* In *McNaught v. United States*, the habeas petitioner argued that his physical and mental health illnesses satisfied the "extraordinary or exceptional circumstances" requirement and justified his release on bond pending the outcome of his § 2255 petition, indicating:

> I suffer from both physical and mental health illnesses; namely: a stroke (lacunar infarction), vertigo and dizziness caused by Meniere's Syndrome, and a major depression disorder. I have received neither treatment nor medication for these conditions since my arrival at the MCC in October 2008, this despite having received full treatment at two state facilities, and even arriving on writ to the MCC with the medication in hand. In fact, this same lack of medical care and medication also occurred on the writ for the VOSR plea and sentencing, from October 2006 through December 2006. The sad irony of this lack of care, and further justification for bail, is the fact that the Court recommended imprisonment at Federal Medical Center (FMC) Ft. Devens, a facility best suited to my medical needs.
>
> The ill effects of the lack of medical care is further compounded by the squalid and overcrowded conditions at the MCC.

2009 WL 1181266 at *2 (S.D.N.Y. April 29, 2009). The petitioner further averred that he had a history of complying with bail requirements on previous state charges and that his release on bond would allow him to more effectively represent himself in his § 2255 motion. *McNaught*, 2009 WL 1181266 at *2–3. The district court found that these facts did not constitute extraordinary circumstances. *Id.* at *1. Courts have also considered what constitutes "extraordinary circumstances" for § 2254 petitioners seeking release on bond pending a decision on the merits of their habeas petition. The Third Circuit Court of Appeals provided an illustrative discussion on this subject in *Landano v. Rafferty*:

> Very few cases have presented extraordinary circumstances, and those that have seem to be limited to situations involving poor health or the impending completion of the prisoner's sentence. In *Johnston v. Marsh,* 227 F.2d 528 (3rd Cir. 1955), where we held that the district court considering a petition for habeas corpus by a state prisoner had inherent power to admit the prisoner to bail, we found that bail was warranted because the prisoner was "an advanced diabetic [who] was, under conditions of confinement, rapidly progressing toward total blindness." Id. at 529. Notably, the decision did not place the prisoner at liberty but instead released him to a hospital for immediate treatment.
>
> *Boyer v. City of Orlando,* 402 F.2d 966 (5th Cir. 1968), illustrates the situation where bail has been awarded because the sentence was so short that if bail were denied and the habeas petition were eventually granted, the defendant would already have served the sentence. In that case, the Fifth Circuit directed the district court to release Boyer, who had been sentenced to 120 days in prison, on bail while he exhausted in the Florida courts his constitutional claim that because he was indigent, he was entitled to court-appointed counsel in the misdemeanor case. Notably, the Fifth Circuit had recently decided in other cases that there was such a constitutional right. The court stated that it was obliged to take extraordinary action to make Boyer's exhaustion in the Florida courts truly effective, or his sentence would long have been served.

970 F.2d 1230, 1239–40 (3rd Cir. 1992).

Here, regardless of the likelihood of success on her § 2255 petition, Hemetek has not established "extraordinary or exceptional circumstances" that would justify her release on bond pending a decision on her habeas petition. The undersigned is sympathetic to Hemetek's current medical issues, but recognizes that the requirements for a grant of bond in this situation are remarkably difficult to meet.

Accordingly, the undersigned **FINDS** that Movant has not carried her burden to demonstrate both the likelihood of success on her § 2255 petition and exceptional circumstances that would justify her immediate release from custody. For the reasons set forth above, the undersigned respectfully **PROPOSES** that the District Court accept and adopt the findings proposed herein and **RECOMMENDS** that Movant's Motion for Bond (ECF No. 72) and Renewed Motion for Bond (ECF No. 87) be

**DENIED.**

Movant is notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Movant shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Chambers and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to the Movant, Respondent, and any counsel of record.

**FILED**: April 26, 2012.

Cheryl A. Eifert
United States Magistrate Judge